Barry J. Peek (BJP 3268)
Jordan Rossen (JR 6176)
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York  10018
(212)239-4999

Attorneys for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BETH ISRAEL MEDICAL CENTER,

                              Plaintiff,          07 CIV 6254 (MGC)

              v.                          ANSWER and
                                                                           COUNTERCLAIM
1199/S.E.I.U. UNITED HEALTHCARE WORKERS
EAST D/B/A LOCAL 1199/S.E.I.U. NATIONAL
HEALTH AND HUMAN SERVICE EMPLOYEES
UNION

                              Defendant.
-----------------------------------------------------------------X

## ANSWER

Defendant, 1199/S.E.I.U. United Healthcare Workers East D/B/A Local 1199/S.E.I.U. National Health And Human Service Employees Union ("Local 1199), by its attorneys, Meyer, Suozzi, English & Klein, P.C., responds to the allegations of plaintiff's Petition to Vacate the March 6, 2007 Arbitration Award ("the Petition") states that it[1]:

---

[1] The Petition contains paragraph headings and sub-headings to which no response is required.  To the extent a response is required, defendant denies all allegations not contained in numbered paragraphs of the Petition, including all allegations in headings and sub-headings.

1. Upon information and belief, admits the allegations in paragraph 1 of the Petition.

2. Admits the allegation in paragraph 2 of the Petition.

3. Admits the allegation in paragraph 3 of the Petition.

4. Admits the allegation in paragraph 4 of the Petition.

5. Denies the allegation in paragraph 5 of the Petition. Defendant respectfully refers the Court to the full 1988 Agreement for its true and complete contents.

6. Denies the allegation in paragraph 6 of the Petition. Defendant respectfully refers the Court to the full 1988 Agreement for its true and complete contents.

7. Denies the allegation in paragraph 7 of the Petition. Defendant respectfully refers the Court to the full 1988 Agreement for its true and complete contents.

8. Denies the allegation in paragraph 8 of the Petition. Defendant respectfully refers the Court to the full 1989 Agreement for its true and complete contents.

9. Denies the allegation in paragraph 9 of the Petition. Defendant respectfully refers the Court to the full 1991 Agreement for its true and complete contents.

10. Admits the allegation in paragraph 10 of the Petition.

11. Denies the allegation in paragraph 11 of the Petition.

12. Admits the allegation in paragraph 12 of the Petition.

13. Denies the allegation in paragraph 13 of the Petition. Defendant respectfully refers the Court to the Exhibit for its true and complete contents.

14 Denies the allegation in paragraph 14 of the Petition. Defendant respectfully refers the Court to the full 2002 Supplemental Agreement for its true and complete contents.

15. Denies the allegation in paragraph 15 of the Petition. Defendant respectfully refers the Court to the full 2002 Supplemental Agreement for its true and complete contents.

16. Denies the allegations in paragraph 16 of the Petition. Defendant respectfully refers the Court to the full 2002 Supplemental Agreement for its true and complete contents.

17. Denies the allegations in paragraph 17 of the Petition. Defendant respectfully refers the Court to the full 2002 Supplemental Agreement for its true and complete contents.

18. Denies the allegation in paragraph 18 of the Petition. Defendant respectfully refers the Court to the full 2002 Supplemental Agreement for its true and complete contents.

19. Denies the allegation in paragraph 19 of the Petition. Defendant respectfully refers the Court to the full 2002 Supplemental Agreement for its true and complete contents.

20. Admits the allegation in paragraph 20 of the Petition. Defendant respectfully refers the Court to the Arbitration Opinion and Award for its true and complete contents.

21. Admits the July 26, 2005 letter was sent by employer. Denies that the 2002 to August 2, 2005 payments were erroneous. Denies all other claims in plaintiff's self serving conclusionary letter.

22. Admits the allegations in paragraph 22. Defendant avers that the grievance was upheld by the Arbitrator on March 6, 2007.

23. Admits the allegation in paragraph 23 of the Petition.

24. Admits the Award of March 6 was mailed by the American Arbitration Association on March 9. Neither admits nor denies that BIMC Human Resources Department received the Award on March 22, 2007. Defendant avers that the Award was likely received on Monday or Tuesday, March 12 or 13 by other agents of plaintiff with the 90th or 91st day after receipt being Monday, June 11, 2007.

25. Denies the allegations in paragraph 25. Defendant respectfully refers to the Court to the Arbitrator's Opinion and Award for its true and complete contents.

26. Defendant denies the allegations in paragraph 26. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

27. Denies the legal conclusion in paragraph 27 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents. Paragraphs 27 through 36 are argument.

28. Denies the allegation in paragraph 28 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

29. Denies the allegation in paragraph 29 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

30. Denies the allegation in paragraph 30 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

31. Denies the allegations in paragraph 31 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

32. Denies the allegation in paragraph 32 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

33. Denies the allegation in paragraph 33 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

34. Denies the allegation in paragraph 34 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

35. Denies the allegations in paragraph 35 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

36. Denies the allegations in paragraph 36 of the Petition. Defendant respectfully refers the Court to the Arbitrator's Opinion and Award for its true and complete contents.

**FIRST AFFIRMATIVE DEFENSE**

37. Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

38. Plaintiff's Petition is untimely under Federal Law, 9 U.S. Code Section 12 and New York law, CPLR Section 7511(a).

## THIRD AFFIRMATIVE DEFENSE

39. Plaintiff is barred from recovery by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff is barred from recovery by the doctrine of waiver.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff, for its Counterclaim, States:

1. By this counterclaim, Defenant/Counterclaim Plaintiff seeks to confirm a labor arbitration award under Section 301 of the Labor0Management Relations Act ("LMRA"), 29 U.S.C. §185. This action arises from Plaintiff/Counterclaim Defendant Beth Israel Medical Center ("BIMC")'s refusal to comply with the Opinion and Award annexed to the Petition as Exhibit 8. Defendant/Counterclaim Plaintiff seek, among other relief, a judgment confirming the Award and ordering BIMC to comply with its terms.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Counterclaim pursuant to Section 301 of theLMRA, 29 U.S.C. §185, and 28 U.S.C. §1331.

3. Venue lies in this district under Section 301 of the LMRA. Venue is also proper in this district under 28 U.S.C. §1391(b).

## THE PARTIES

4. BIMC transacted business and maintained its principal place of business in the State of New York, and at all pertinent times was an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(2).

5. Local Union 1199/S.E.I.U., AFL-CIO ("Local 1199") is a "labor organization" within the meaning of Section 2(5) of the NLRA, 29 U.S.C. §152(5).

6. Local 1199 and BIMC are bound by collective bargaining agreements, including those attached to the Petition as Exhibits 1,2,3, and 7, between an employer and a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a) of the Labor-Management Relations Act ("the LMRA"), 29 U.S.C. §185(a).

7. The above agreements provide for the "final and binding" resolution of disputes between 1199 and employer by arbitration before an Arbitrator. The Petition's Exhibit 3, paragraph 3, Exhibit 8, page 1, citing the Agreement between the League of Voluntary Hospitals and Local 1199, which is in effect from May 1, 2005 to April 30, 2011.

8. Pursuant to said agreements, Local 1199 sought arbitration pertaining to BIMC's failure and refusal to continue paying shift differential pay to Kings Highway Division employees.

9. At arbitration hearings conducted by American Arbitration Association Arbitrator Simmelkjaer, at which both Local 1199 and BIMC appeared and were represented, the parties stipulated to the following issues

    1. Did the Employer violate the CBA when it ceased to pay night shift differential tot Registered Nurses at the Kings Highway Division who worked the 7 a.m. to 7 p.m. flex schedule?

    2. If so, what shall be the remedy?

Petition Ex. 8 at page 3.

10. Following an arbitration hearing conducted before the Arbitrator, at which both Local 1199 and BIMC presented evidence, and filed post-hearing briefs and reply briefs, the Arbitrator issued an Opinion and Award, dated March 6, 2007, sustaining Local 1199's grievance and awarding a remedy. (Petition Exhibit 8).

11. BIMC has failed and refused to comply with the Arbitrator's Award.

## CAUSE OF ACTION

12. Defendant/Counterclaim Plaintiff repeats and realleges the allegations in paragraphs 1 through 11 above.

13.     By failing to comply with the terms of the Arbitrator's final and binding Award, BIMC breached its obligations under the agreements in violation of Section 301 of the LMRA.

**PRAYER FOR RELIEF**

WHEREFORE Defendant/Counterclaim Plaintiff respectfully requests that this Court issue a judgment in its favor:

(1)     dismissing the Petition;

(2)     confirming the Arbitrator's Opinion and Award;

(3)     ordering BIMC to comply with the Arbitrator's Award immediately;

(4)     ordering BIMC to make whole all affected employees including, but not limited to, payment of the amounts required by the Arbitrator's Award plus interest from August 7, 2005;

   (5) ordering BIMC to pay attorney's fees incurred by Defendant/Counterclaim Plaintiff together with the costs and disbursements of this proceeding and such other and further relief as this Court may deem just and proper.

Dated: July 13, 2007
   New York, New York

              Respectfully Submitted,

              _____
              Barry J. Peek (BJP 3268)
              MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
              1350 Broadway, Suite 501
              New York, New York  10018
              (212)239-4999

              Attorneys for Defendant 1199/S.E.I.U. United Healthcare Workers East d/b/a Local 1199/S.E.I.U. National Health And Human Service Employees Union

TO: Jason R. Bogni, Esq.
   Edwards Angell Palmer & Dodge LLP
   Attorneys for Petitioner
   750 Lexington Avenue
   New York, New York  10022

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true and correct copy of the foregoing Answer and Counterclaim to be served by mail upon:

        Jason R. Bogni, Esq.
        Edwards Angell Palmer & Dodge LLP
        Attorneys for Petitioner
        750 Lexington Avenue
        New York, New York  10022

Attorneys for Plaintiff/Counterclaim Defendant this 13th day of July, 2007.


_____
BARRY J. PEEK

87494